IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DONALD MORT                                                                                      PLAINTIFF

V.                              CASE NO. 4:20-CV-00032-JTK

COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION                                            DEFENDANT

## ORDER

**I.   Introduction:**

Plaintiff, Donald Mort ("Mort"), applied for disability insurance benefits on February 18, 2016, alleging a disability onset date of April 24, 2015. (Tr. at 14). The claim was denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Mort's application. (Tr. at 25). The Appeals Council denied his request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Mort has requested judicial review.

For the reasons stated below, the Court[1] affirms the decision of the Commissioner.

**II.   The Commissioner's Decision:**

The ALJ found that Mort had not engaged in substantial gainful activity since the alleged onset date of April 24, 2015. (Tr. at 17). The ALJ found, at Step Two of the sequential five-step analysis, that Mort had the following impairments: mood disorder, post-traumatic stress disorder, personality disorder, degenerative disc disease of the lumbar spine with chronic pain syndrome, knee arthritis, obesity, seizures, headaches, and hypertension. *Id*.

After finding that Mort's impairments did not meet or equal a listed impairment (Tr. at 18), the ALJ determined that Mort had the RFC to perform work at the light exertional level, except

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

that: (1) he could only occasionally balance, stoop, kneel, crouch, crawl, or climb ramps or stairs; (2) he could not climb ladders, ropes, or scaffolds; (3) he could not be exposed to unprotected heights, hazards, or dangerous moving machinery including motor vehicles; (4) he could perform simple, routine, and repetitive work involving no interaction with the general public; and (5) he could perform work with no more than occasional changes to the workplace setting and supervision that is simple, direct, and concrete. (Tr. at 20-21).

The ALJ found that Mort was unable to perform any past relevant work. (Tr. at 24). Relying upon VE testimony, the ALJ found that, based on Mort's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform. (Tr. at 25-26). Thus, the ALJ concluded that Mort was not disabled. *Id.*

### III.  Discussion:

####  A.  Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

B. Mort's Arguments on Appeal

Mort contends that substantial evidence does not support the ALJ's decision to deny benefits. He does not contest the ALJ's assessment of the record or his dispatch of the Five Step analysis. He instead argues only that the limitation to occasional balancing precludes the RFC for light work.

A medical record review is not required because of the purely technical nature of Mort's argument. The state agency medical experts limited Mort to the full range of light work. (Tr. at 23, 127, 177). The ALJ further limited Mort posturally, including a limitation to occasional balancing. (Tr. at 20). Mort cites to SSR (Social Security Ruling) 96-9p for his claim that a light RFC does not allow for occasional balancing. SSR 96-9p defines balancing as "maintaining body equilibrium to prevent falling when walking, standing, crouching, or running on narrow, slippery, or erratically moving surfaces." SSR 96-9p, 1996 SSR LEXIS 6. It does not say that occasional balancing in the normal course of walking or standing would be precluded. And multiple District Court cases have upheld decisions where the ALJ limited the claimant to light work with occasional balancing; light work and occasional balancing are not inherently contradictory. *Markey v. Berryhill*, 2017 U.S. Dist. LEXIS 90481 (W.D. Ark. June 13, 2017); *Phelps v. Astrue*, 2012 U.S. Dist. LEXIS 97473 (E.D. Mo. July 13, 2012); *see also Archuleta v. Astrue*, 2011 U.S. Dist. LEXIS 93979 (W.D. Tex. Aug. 20, 2011). Finally, the jobs the VE identified did not even require balancing: the companion publication to the *Dictionary of Occupational Titles* ("DOT") lists balancing as "not present" for lamp inspector and plumbing hardware assembler. *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles*; DOT Nos. 706.684-086 and 723.687-014; (Tr. at 25, 107, Doc. No. 14 p. 6). The RFC in this case is internally consistent and the ALJ

did not err.

## IV. Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ did not err in his RFC assessment. The finding that Mort was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is AFFIRMED. Judgment will be entered for the Defendant.

IT IS SO ORDERED this 3rd day of February, 2021.

_____
UNITED STATES MAGISTRATE JUDGE